UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON R. HOPSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>PEPPERBUSH HOLDING LLC, et al.,<br><br>                                    Defendants. | Case No.:  15CV1594 BEN (MDD)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IFP**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT**<br><br>[Docket No. 2] |

Plaintiff Shannon R. Hopson, proceeding pro se, has filed a Complaint. (Docket No. 1.)  Plaintiff has not paid the civil filing fee required to commence this action, but has filed a motion to proceed in forma pauperis ("IFP").  (Docket No. 2.)  For the reasons set forth below, the Court **GRANTS** the motion to proceed IFP and *sua sponte* screens and **DISMISSES** the Complaint for lack of subject matter jurisdiction.

## DISCUSSION

**I.      Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee.  28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire

1

1  fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).
2  Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

8  The information provided in Plaintiff's affidavit reflects an inability to pay the fee
9  to pursue this action.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)
10 is **GRANTED**.

11 **II.    *Sua Sponte* Screening**

12  An IFP complaint is subject to mandatory screening.  Pursuant to 28 U.S.C. §
13 1915(e)(2)(B), the Court must dismiss any complaint if at any time the Court determines
14 that it is "frivolous or malicious," "fails to state a claim on which relief may be granted,"
15 or "seeks monetary relief against a defendant who is immune from such relief."  The *sua*
16 *sponte* screening is mandatory.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)
17 (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)
18 ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

19  The caption of Plaintiff's Complaint lists wrongful death, elder abuse, elder
20 financial abuse, and mental stress.  Plaintiff names Defendant Peppperbush Holdings
21 LLC, formerly Chase Care Center and two individuals as defendants.  Plaintiff's
22 Complaint appears to allege the deficient medical care of Floyd Hopson.

23  Plaintiff invokes jurisdiction under 42 U.S.C. § 1983, however, "[t]o make out a
24 cause of action under section 1983, plaintiff[] must plead that (1) the defendants acting
25 under color of state law (2) deprived plaintiffs of rights secured by the Constitution or
26 federal statutes."  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  The

Complaint does not allege any conduct by Defendant Pepperbush[1] that was under color of state law.  Defendant appears to be a private entity and there are no allegations that would suggest Defendant was acting under color of state law in providing medical care.  Accordingly, the Complaint does not state a claim under § 1983.

Additionally, the claims Plaintiff asserts are state law claims.  Federal courts generally lack subject matter jurisdiction over state law claims unless the parties are citizens of different states, *i.e.* diverse, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  There are no allegations as to the citizenship of the parties.  Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's state law claims.

Although it appears the state law claims asserted may be more appropriately brought in state court, the Court grants Plaintiff leave to file a First Amended Complaint that cures the deficiencies noted above.  If Plaintiff elects to file a FAC, it must be filed on or before **March 15, 2016**.  If Plaintiff does not file a FAC by March 15, 2016, the case will remain closed.

## CONCLUSION

Plaintiff's motion to proceed IFP is **GRANTED**.  Plaintiff's Complaint is *sua sponte* **DISMISSED**.  If Plaintiff wishes to file a FAC, it must be filed by **March 15, 2016**.

**IT IS SO ORDERED.**

Dated:  February 9, 2016

Hon. Roger T. Benitez
United States District Judge

---

[1] The Civil Cover sheet includes the names of two individuals, however, the Complaint lacks any allegations against them.